*Law Library*

**IN THE SUPERIOR COURT OF GUAM**



SUPERIOR COURT
OF GUAM

2012 SEP 19 PM 12: 28

THE PEOPLE OF GUAM, )
                    )
     vs.             )
                    )
JESSE SOICHY, )
                    )
           Defendant.      )
                    )

**CRIMINAL CASE NO. CM1136-11**

**DECISION AND ORDER**

This matter came on August 27, 2012 before the Honorable James L. Canto II for a hearing on Defendant's motion to dismiss, which was filed July 27, 2012. Assistant Attorney General Nicolas Barrett, Esq. appeared on behalf of the Government and Assistant Public Defender Pablo Aglubat, Esq. appeared with the Defendant. Having considered the parties' briefs and oral arguments, and the applicable law, the Court now issues the following Decision and Order.

The Government charged Defendant with Public Drunkenness (as a Violation), The Declaration attached to the Magistrate's Complaint alleges a police officer approached Defendant while Defendant was drinking alcohol in a public park legally designated as an area where drinking alcohol is prohibited. The Declaration goes on to allege the officer asked Defendant to either cease drinking alcohol or leave the park, whereupon Defendant "refuse[d] to comply, and continued drinking alcohol." The Declaration further alleges the officer "repeated his instructions and [Defendant] again refused to comply", and finally, that the officer observed Defendant smelled like alcohol, spoke with slurred speech and had bloodshot, watery eyes.

Defendant filed a motion to dismiss the complaint, arguing 8 GCA § 15.20(a) stands for the proposition that a summons or warrant may not issue for a defendant's appearance upon a Magistrate's Complaint unless there is probable cause to believe that an offense has been committed and that the defendant has committed it. This is not quite what that criminal code section expresses. Literally, it states:

> If it appears from the complaint and the affidavits filed therewith that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the judge shall issue a summons for the appearance of the defendant.

*8 GCA § 15.20(a)* (Jul. 10, 2012)

This statute does state that, if a criminal complaint contains sufficient probable cause to support the accusation therein, a judge must issue a summons for defendant' to appear to answer thereto. However, the statute's language does not logically necessitate the inverse corollary. In other words, 8 GCA § 15.20(a) does not dictate that, if there is not sufficient probable cause to support the complaint, the judge is therefore restricted from issuing a summons for a defendant's appearance. Regardless, Defendant here is not seeking to prevent the issuance of a summons; he is moving this Court to dismiss the Magistrate's Complaint altogether.

It is possible the more appropriate statute is 8 GCA § 45.20(b), which states in pertinent part:

> At or before the time of the defendant's first appearance pursuant to § 45.30, if no determination has previously been made by the court or grand jury that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the court shall make such determination in the manner provided by §§ 15.20 and 15.30. … If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the court shall dismiss the complaint and discharge the defendant. Such discharge shall not preclude the government from instituting a subsequent prosecution for the same offense.

*8 GCA § 45.20(b)* (Jul. 10, 2012)

However, in this case the Defendant has long since made his first appearance before the Court, and presumably, the Magistrate Judge already determined the complaint contained sufficient probable cause at Defendant's first appearance before His Honor on November 10, 2011.

Nevertheless, the Court is directed by the mandate of 9 GCA § 7.67, which states: "The court **shall** dismiss a prosecution if … it finds the defendant's conduct: (a) Was within a customary license or tolerance …; (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law …; or (c) Presents such other extenuations that it cannot reasonably

be regarded as envisaged by the Legislature…".

In this regard, Defendant argues the Complaint lacks any assertion that Defendant was under the influence of alcohol, save for that Defendant slurred his speech, which Defendant argues is insufficient to show intoxication. Moreover, Defendant posits the crime of Public Drunkenness requires more than just evidence of alcohol intoxication, but that it further requires evidence of annoying others while intoxicated, about which the Complaint lacks any expression. In response, the Government opposes Defendant's motion by arguing the Complaint contains sufficient probable cause because the crime of Public Drunkenness merely requires a defendant "appear" intoxicated, and not that he actually be intoxicated.

First, the Government misreads the criminal statute in question. Title 9 GCA § 61.25(a) does not state a person is guilty of Public Drunkenness if he appears to be intoxicated; rather, it states: "A person is guilty of an offense if he appears <u>in any public place</u> manifestly under the influence of alcohol" (emphasis added).[1] Because the verb "appear" is placed directly before the dependent clause about physical location, the verb relates directly to, and is modified by, that clause, and not the later-mentioned clause "under the influence of alcohol". In other words, if the statute instead stated a person is guilty of Public Drunkenness "if he appears manifestly under the influence of alcohol in any public place", then the statute may arguably carry the meaning anticipated by the Government.

Next, the Court declines to adopt Defendant's argument that slurred speech is somehow not an indication of alcohol intoxication, but this is of no matter. Of greater import is Defendant's other argument that, even if he were intoxicated, there is nothing stated in the Complaint to indicate Defendant was intoxicated to a degree whereby he annoyed others. The Court agrees. The Declaration states Defendant refused to obey the police officer's instructions to leave the park or cease drinking alcohol there. The Declaration describes Defendant's refusals only insofar as he physically remained at the park and continued drinking alcohol.

---

[1] In full, 9 GCA § 61.25(a) ("Public Drunkenness") states: "A person is guilty of an offense if he appears in any public place manifestly under the influence of alcohol, narcotics or other drug, not therapeutically administered, to the degree that he may endanger himself or other persons or property or annoy persons in his vicinity."

Without any greater description of Defendant's behavior or conduct, the plain statement that Defendant simply refused to obey the officer's instructions amounts to civil disobedience but does not necessarily indicate Defendant "annoyed" anyone. The Complaint simply fails to allege Defendant acted inappropriately or outrageously when he declined to obey the officer's instructions in a manner that could be said to annoy the officer, or anyone else for that matter.

Thus, in accordance with 9 GCA § 7.67(b), the Court finds the nature of Defendant's conduct as alleged does not actually cause or threaten the harm or evil sought to be prevented by 9 GCA § 61.25 or only did so the an extent too trivial to warrant the condemnation of conviction.

///

///

///

## CONCLUSION

Based upon the foregoing, the Court GRANTS Defendant's motion for dismissal without prejudice, though the Court so dismisses pursuant to 9 GCA § 7.67(b).

**SO ORDERED this** _19TH_ **day of September, 2012, nunc pro tunc to Sept. 11, 2012.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**



SEP 19 2012

Ryan T. Delajadia
Deputy Clerk, Superior Court of Guam